Harbhinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–74391.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Inna Lipkin, Law Office of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Harbhinder Singh, a 44 year-old native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the immigration judge's order and oral decision denying Singh's request for asylum, withholding, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA summarily affirmed the immigration judge's decision pursuant to its streamlining regulations, we review the immigration judge's decision as the final agency decision. *Abebe v. Ashcroft*, 379 F.3d 755, 758 (9th Cir.2004). We deny Singh's petition because the immigration judge's adverse credibility finding was supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

An applicant's submission of false documents going to the heart of his asylum application provides grounds for an adverse credibility finding. *See, e.g., Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999) (noting that "the presentation of a fraudulent document in an asylum adjudication for purpose of establishing the elements of an asylum claim" is a proper basis for an adverse credibility finding). In this case, the immigration judge found that Singh submitted two false affidavits and a fraudulently obtained letter. Accordingly, the immigration judge's adverse credibility finding is supported by substantial evidence. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (upholding immigration judge's adverse credibility

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

finding because "there was support for the IJ's conclusion that several documents may have been fraudulent" where the "genuineness of these documents [went] to the heart of [petitioner's] claim").

**THE PETITION IS DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.